**FILED**

IN THE UNITED STATES DISTRICT COURT

FEB 13 2024

FOR THE NORTHERN DISTRICT OF ILLINOIS

THOMAS G. BRUTON
CLERK, U.S. DISTRICT.COURT

EASTERN DIVISION

GREGORY DITCH,          :

PLAINTIFF          :          1:24-cv-01245
Judge Jeremy C. Daniel
          :          Magistrate Judge Beth W. Jantz
Cat. 2/Random
VS.          :

MELISSA OSKROBA,          :          JURY TRIAL DEMANDED

JENNIFER BAUMGARTNER,          :

STEPHANIE POSEY,          :

BOB ROSS,          :     :

DEFENDANTS          :

**PAID**

RECEIPT # 100002583

FEB 13 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## The Complaint

COMPLAINT NOW COMES the Plaintiff, Gregory Ditch ("Plaintiff"), pro se, and for his

Complaint against Defendants, Melissa Oskroba (Oskroba), Jennifer Baumgartner (Baumgartner),

Stephanie Posey (Posey), Bob Ross (Ross), (collectively "Defendants"), and states as follows:

## Jurisdiction, Venue, and Parties

1. This complaint is brought by Plaintiff to seek redress and damages, under 42

U.S.C. §1983 and Illinois common law, for Libel and Slander and proximately

resulting from the unreasonable, deliberately indifferent, intentional and

conscience shocking conduct of the Defendants identified herein, which conduct

was in violation of the constitutional and state common law rights of the Plaintiff,

Gregory Ditch.

## Jurisdiction & Venue:

2. This Court has jurisdiction over the subject matter of the federal claims in this action under the authority of 42 U.S.C.§1983 for claims that arise under the Constitution and laws of the United States of

America. Tampam Farms, Inc. v. Supervisor of Assessments for Ogle County, 271Ill.App.3d 798, 803 (2ndDist.1995).

### The Facts Common To All Counts

3. Plaintiff is a Kendall County, Illinois resident. He was and at all times relevant a career technology teacher at Naperville North High School (NNHS) in Naperville Community School District 203 (District).

4. At all times relevant, Melissa Oskroba (Oskroba) was Depart Coordinator at NNHS and The Plaintiff's direct supervisor acting under the color of law. Melissa Oskroba is being sued in her individual capacity.

5. At all times relevant, Jennifer Baumgartner (Baumgartner) was a Dean of Student Activities and an administrator at NNHS acting under the color of law. Jennifer Baumgartner is being sued in her individual capacity.

6. At all times relevant, Stephanie Posey (Posey) was the Principal at NNHS and acting under the color of law. Stephanie Posey is being sued in her individual capacity.

7. At all times relevant, Bob Ross (Ross) was a Chief Human Resources Officer at District 203 and acting under the color of law. Bob Ross is being sued in his individual capacity.

**Statement of Claim**

8. On or about April 3, 2023 The Defendant, Naperville Community School District 203 (The District), placed The Plaintiff, Gregory Ditch, under official investigation. Defendant's Stephanie Posey (Posey) and Robert Ross (Ross) were assigned by The District to oversee the investigation into The Plaintiff. On April 5th, 2023 Defendants Melissa Oskroba (Oskroba) and Jennifer Baumgartner (Baumgartner) called The Plaintiff to a meeting inside the Student Activities office. The pretext for the meeting was an upcoming car show that The Plaintiff was planning as a fundraiser for the Naperville North High School Automotive Program.

9. The Plaintiff requested union representation at the April 5, 2023 meeting and he was denied having a union representative present during the meeting. Baumgartner and Oskroba assured The Plaintiff that the meeting was not related to the The District's investigation and a union representative would not be allowed at the meeting as it was to discuss an upcoming car show at Naperville North High School.

10. On April 4, 2023, The Plaintiff had contacted Ross Berkley, local president of the Naperville Unit Education Association 203 (NUEA), the union that represents teachers in Naperville Community Unit School District 203. Ross Berkley confirmed in advance with Baumgartner that the April 5, 2023 meeting was not part of The District investigation.

11. Upon arrival to the April 5, 2023 meeting, Baumgartner and Oskroba were in waiting in the Student Activities office for The Plaintiff. Prior to answering questions or talking to either Oskroba or Baumgartner, The Plaintiff asked if he would be able to have a union representative

present. Both Oskroba and Baumgartner assured The Plaintiff that this meeting was not about The District investigation and both Baumgartner and Oskroba had no knowledge of The District investigation. NUEA President Ross Berkley also confirmed that this meeting would not be related an investigation or discipline, and he would not be in attendance.

12. Once the April 5, 2023 meeting commenced, Oskroba and Baumgartner asked The Plaintiff questions about The District's investigation into The Plaintiff. At this point The Plaintiff told Defendants Oskroba and Baumgartner he was not allowed to answer questions and he felt it would be appropriate to have union representation. Defendants Oskroba and Baumgartner became aggressive with The Plaintiff by raising their voices and telling The Plaintiff that they were friends and he owed them explanations, Defendants Oskroba and Baumgartner both assured The Plaintiff whatever they spoke about in the meeting was completely confidential.

13. Towards the end of the Aptil 5, 2023 meeting Defendant Oskroba told The Plaintiff that she (Oskroba) provided incorrect information to Posey about the funding of a project The Plaintiff was working on in the Naperville North High School Automotive Shop. Defendant Oskroba, accidentally revealed that she was indeed part of The District investigation after representing herself to The Plaintiff as not involved. Defendant Baumgartner then told The Plaintiff that both (Oskroba and Baumgartner) believed that school money was used on The Plaintiff's project and had given Defendant Posey information that would have indicated The Plaintiff used school funds and grant money to finance one of his personal projects.

14. Several meetings prior to the investigation took place with Defendants Oskroba and Baumgartner outlining the funding for this project and it was always clear that no school funding was going to be used to benefit The Plaintiff on his personal project.

15. Oskroba and Baumgartner instructed The Plaintiff to submit documentation to Posey that proved that The Plaintiff used his own money for the project in question. This action gave reasonable cause for The Plaintiff to believe that Defendants Oskroba and Baumgartner were involved in The District's investigation.

16. The pretextual context of the April 5, 2023 meeting between The Plaintiff and Oskroba and Baumgarnter was to discuss an upcoming car show fundraiser for The Plaintiff's automotive class. Defendants Oskroba and Baumgartner focused on details of The District's investigation for well over an hour and only asked that The Plaintiff hand over a list of his sponsors and donors regarding the car show. Fewer than 10 minutes were spent discussing a car show in a meeting that lasted well over an hour.

## Collusion and Conspiracy By The Defendants

17. Prior to the April 5, 2023 meeting, Defendant Baumgartner sent a list of items for The Plaintiff to bring with him when they planned to meet. The items Baumgartner asked The Plaintiff to bring to the meeting were all related to The District's investigation. Baumgartner claimed that this was an error, and she was not involved in investigating The Plaintiff and sent a retraction email asking only for paperwork with the names of donors and sponsors.

18. On April 5, 2023, The Plaintiff sent an email to Posey, Ross, Baumgartner, Oskroba, and Ross Berkley explaining what happened during the meeting and provided receipts and documentation related to the project. The Plaintiff explained that he believed a misunderstanding had occurred. Defendant Posey responded to The Plaintiff's email explaining there is not a misunderstanding, the information sent were all facts and part of The District's investigation (paraphrased).

19. The April 5, 2023 meeting was orchestrated by Posey and Ross in retaliation to The Plaintiff having the president of his union in attendance to at the April 3, 2023 investigatory meeting. In order to ask questions and obtain information for The District investigation, it was necessary for Posey and Ross to instruct Baumgartner and Oskroba to hold a meeting under the pretext of a car show and prevent The Plaintiff from having union representation present.

20. Posey and Ross knew from an email they received from The Plaintiff on the afternoon of April 5, 2023 that a meeting had taken place where Baumgartner and Oskroba asked related to The District's investigation. Neither Defendant Posey nor Defendant Ross denied knowledge of the April 5, 2023 meeting nor did they reject information that would give them an illegal advantage in conducting their investigation into The Plaintiff.

21. On or about April 6, 2023, Defendant Baumgartner began speaking to students and telling the students that she (Baumgartner) was working on behalf of Defendant Posey to obtain information about The Plaintiff that would assist in The District's investigation.

**Harassment, Humiliation, and Retaliation Efforts**

22. On or about April 10, 2023, Defendant Baumgartner came to see The Plaintiff in his classroom and told him that Defendant Posey is cancelling his benefit car show and would instead have a car show benefiting the NNHS Student Government Association (SGA) and all sponsorship and money raised by The Plaintiff would get transferred to SGA. Baumgartner explained that Posey's reasoning was that The Plaintiff would poorly represent the school and Posey was concerned The Plaintiff may speak to media.

23. Defendant Oskroba entered The Plaintiff's classroom on April 11, 2023 with students present and proceeded to go into a tirade by berating The Plaintiff. Oskroba was yelling and screaming at The Plaintiff in the presence of students while The Plaintiff was overseeing students working in cooperative learning groups. Oskroba made several accusations during her tirade about The Plaintiff not doing his job and not supervising his students while The Plaintiff was working with students in small groups in an advanced Automotive III-B class.

24. During an April 11, 2023 email to Defendants Oskroba, Posey, Baumgartner, and Ross; The Plaintiff sent a letter of resignation explaining he was moving on to other opportunities. In reality, Defendant Oskroba humiliated and discredited The Plaintiff in front of his students. On April 12, 2023 Defendant Baumgartner replied with a one-word email to Defendant Posey by stating "Wow!".

25. The Plaintiff was absent from work on April 15, 2023 for medical treatment when Defendant Oskroba came back to the same Automotive III-B class where she had a tirade just days before. Oskroba began asking students questions regarding The Plaintiff's personal belongings and personal affairs. Just days prior in the April 5, 2023 meeting in the Student Activities office, Oskroba denied taking any part in The District's investigation, but she took the opportunity to speak to students in The Plaintiff's classroom to gain insight that would benefit The District into the investigation into The Plaintiff.

26. After April 15, 2023, Defendant Oskroba made multiple comments intending to harass and annoy The Plaintiff by making several visits to his classroom to discuss his teaching practices and commitment to students. The Plaintiff received satisfactory evaluations and had never received any reprimands in the past regarding his ability to teach or perform in the classroom.

27. The Plaintiff was part of a 2 year long initiative write an automotive curriculum for The District. To further harass and humiliate, Defendant Oskroba informed The Plaintiff he was no longer allowed to provide input into the curriculum project. Defendant Oskroba claimed that Defendant Posey did not trust The Plaintiff and did not want him to help complete the currriculum project.

28. In a May 8, 2023 meeting Defendant Oskroba still denied any knowledge or participation into The District's investigation into The Plaintiff. Defendant Oskroba was clearly attempting to minimize or conceal her role to obtain information against The Plaintiff to further The District's investigation.

### Naperville Unit Education Association 203 Collective Bargaining Violations

29. Section 2.2 of the NUEA 203 collective bargaining agreement entitled The Plaintiff the right to representation during questioning pertaining to an investigation. Defendants Oskroba and Baumgartner violated this section of the NUEA 203 collective bargaining agreement.

30. Defendants Posey and Ross violated section 2.3 of the NUEA 203 collective bargaining agreement by placing a disciplinary action in The Plaintiff's file. The disciplinary action and placement of evidence of discipline in The Plaintiff's personnel file is directly related to information obtained by acts of conspiracy performed by The Defendants.

31. Section 2.7 of the NUEA 203 collective bargaining agreement entitled The Plaintiff the right to fair discipline. The Defendants worked in concert to obtain information during the April 5, 2023 meeting to obtain information that would determine what discipline to impose on The Plaintiff.

**District Negligent For Lack of Written Procedures and Guidelines**

32. The District itself is negligent for not having published procedures and guidelines for conducting an investigation or what employees can expect during an investigation. Referring to the Code of Conduct for teachers and educators and policies published by the Naperville Community Unit School District 203 Board of Education, there is no formal format or procedure for administrators to follow when investigating a staff member.

33. The District lacks transparency and accountability before, during, and after an investigation and staff members have no level of expectation on uniformity while they are being questioned. This lack of written procedure gives rise to unlawful and unethical behavior and standards and a perception of unlimited authority to those conducting investigations.

**Count I**

**29 U.S. Code § 158(a)(1) - Unfair labor practices**

34. Defendants Oskroba and Baumgartner misrepresented the purpose of the April 5, 2023 meeting to the The Plaintiff and The Plaintiff's union representative.

35. Defendants Oskroba and Baumgartner denied The Plaintiff the right to a union representation for a meeting that was related to The Plaintiff's investigation.

36. Defendents Oskroba and Baumgartner coerced The Plaintiff into answering questions without the legal right to union representation.

37. As a direct and proximate result of said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

**Count II**

**29 U.S. Code § 157 - Right of employees as to organization, collective bargaining, etc.**

38. The Defendants collectively retaliated against The Plaintiff for having union participation at his April 3, 2023 meeting with Defendants Posey and Ross.

39. The Defendants collectively conspired to deny The Plaintiff the freedom and ability to participate in union representation during the April 5, 2023 meeting involving Defendants Oskroba and Baumgartner.

40. Defendants Oskroba, Baumgartner, Posey, and Ross violated the NUEA 203 collective bargaining agreement.

41. The District did not take reasonable attempts to ensure that the rights of its employees to participate in union activities were protected and unencumbered.

42. As a direct and proximate result of said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation,

emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

## Count III

### Retaliatory Discrimination - Title VII of the Civil Rights Act of 1964

43. The Defendants acted willfully and negligently in concert to retaliate against The Plaintiff for invoking his right to union representation.

44. The Defendants actions were taken with a willful and wanton disregard to Gregory Ditch's rights.

45. The Plaintiff was removed from a curriculum initiative and had his car show cancelled in retaliation to his request for union representation.

46. As a direct and proximate result of said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

## Count IV

### 42 U.S. Code § 3617 - Interference, coercion, or intimidation

47. Defendants Oskroba, Baumgartner, Posey, and Ross did interfere with The Paintiff's rights to union representation during the April 5, 2023 meeting in the Student Activities office by informing The Plaintiff's union representative that the meeting was not part of The District's investigation.

48. Defendants Oskroba and Baumgartner denied The Plaintiff access to union representation when Defendants Oskroba and Baumgartner told The Plaintiff the April 5, 2023 meeting was not part of The District's investigation into The Plaintiff.

49. Defendants Oskroba and Baumgartner utilized power imbalance with their authority over The Plaintiff by demanding he answer about The District's investigation. The Defendants coerced The Plaintiff by telling him that everything discussed would be between friends and continued to pressure The Plaintiff was discuss The District's investigation.

50. The District did not make reasonable attempts to ensure that members of the administration did not interfere, coerce, or intimidate members of the union.

51. As a direct and proximate result of said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

## Count V

### 18 U.S.C. § 2 Aiding and Abetting

52. Defendants Posey and Ross aided and abetted Defendants and Oskroba and Baumgartner in setting up a meeting on April 5, 2023 to knowingly deprive The Plaintiff of his right to union representation.

52. Defendants Oksroba and Baumgartner worked in concert with Defendants Poesy and Ross to interview The Plaintiff and deprive The Plaintiff of his right to union representation during the April 5, 2023 meeting.

53. Defendants Posey and Ross were the direct beneficiaries of information illegally obtained by Defendants Oskroba and Baumgartner during the April 5, 2023 meeting involving The Plaintiff in absence of union representation.

54. The District did not provide proper protection against administrators interfering, coercing, and intimidating employees attempting to exercise rights in their collective bargaining agreement.

55. As a direct and proximate result of said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

**Count VI**

**18 U.S. Code § 241Conspiracy Against Rights**

56. Defendants Oskroba, Posey, Ross, and Baumgartner did work in concert to deprive The Plaintiff against his right to union representation during an investigation during the April 5, 2023 meeting in the Student Activities office.

57. Defendants Oskroba and Baumgartner presented the April 5, 2023 meeting as not related to The District's investigation. At the end of the meeting on April 5, 2023 Defendants Oskroba and Baumgartner did disclose to The Plaintiff that they had a prior conversation with Defendant Posey regarding The District's investigation.

58. Defendants Oskroba, Baumgartner, Posey, and Ross conspired against The Plaintiff by arranging a meeting on April 5, 2023 that would deny The Plaintiff the right to union representation when questioned about The District's investigation.

59. As a direct and proximate result of said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

## Count VII

### 420 U.S. 251—Violation of Weingarten Rights

60. Defendants Oskroba, Baumgartner, Posey, and Ross did work in concert to violate The Plaintiff's right to union representation during an April 5, 2023 meeting.

61. The Plaintiff was entitled to union representation on the April 5, 2023 meeting where Oskroba and Baumgartner elicited facts to advance The District's investigation into The Plaintiff.

62. The Plaintiff and his union representative asked for union attendance on the April 5, 2023 meeting. Defendants Oskroba and Baumgartner denied the union access by claiming this meeting was not part of the investigation.

63. Defendants Oskroba and Baumgartner knowingly provided false information to The Plaintiff regarding the purpose of the April 5, 2023 meeting.

64. Defendants Posey and Ross were complicit in knowingly accepting information obtained from the April 5, 2023 meeting to use as against The Plaintiff to forward The District's investigation.

65. Defendants Posey and Ross did not intervene or attempt to remedy the situation with The Plaintiff or union.

66. As a direct and proximate result of the said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

## Count VIII

### National Labor Relations Act Section 7

67. Defendants Oskroba and Baumgartner violated Section 7 of NLRA by preventing The Plaintiff rights defined in his collective bargaining agreement.

68. Defendants Posey and Ross violated Section 7 of the NLRA by preventing The Plaintiff rights defined in his collective bargaining agreement.

69. The Defendants did work in concert to deny The Plaintiff rights entitled by his collective bargaining agreement.

70. As a direct and proximate result of the said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

## Count IX

### 25 CFR § 11.443 - Harassment

71. Defendant Oskroba did engage in harassment of The Plaintiff during The District's investigation. Defendant Oskroba continuously and repeatedly notified The Plaintiff of his professional duties without cause or reason.

72. Defendant Oskroba violated section 2.7 of the NUEA 203 collective bargaining agreement on April 11, 2023 by knowingly entering The Plaintiff's classroom to reprimand him and humiliate him in front of students.

73. Defendant Posey intended to humiliate and cause embarrassment to The Plaintiff by removing him from the curriculum initiative and cancelling a widely publicized car show.

74. As a direct and proximate result of the said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

## Count X

## FOURTEENTH AMENDMENT VIOLATION - 42 U.S.C. §1983

### Execution or Enforcement of Laws - Individual & Conspiracy Liability

75. On or about April 5, 2023, the Defendants, Melissa Oskroba, Jennifer Baumgartner, Stephanie Posey, and Bob Ross, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through implicit or explicit means, to engage in extreme and outrageous conduct in the execution of violating The Plaintiff's rights to union representation during an investigatory hearing or interview.

76. Defendant Bob Ross unfairly kept record of a discipline in The Plaintiff's personnel file that was obtained through the results of extreme and outrageous conduct by The Defendants working in concert.

77. As a direct and proximate result of the said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

## Count XI

## FOURTEENTH AMENDMENT VIOLATION - 42 U.S.C. §1983

### Interference & Conspiracy Liability / Failure to Intervene

78. Defendants Posey and Ross were made aware of the April 5, 2023 meeting between The Plaintiff and Defendants Oskroba and Baumgartner in the Student Activities office by an email sent by The Plaintiff. Rather than intervening and correcting the actions of an improper and inappropriate meeting, Defendant Posey accepted information solicited by Defendants Oskroba and Baumgartner from the Plaintiff.

79. As a direct and proximate result of Defendants Posey and Rosy failure to intervene, The Plaintiff's personnel file has an unsatisfactory disciplinary notice. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

## Count XII

### False Light and Invasion of Privacy

80. Defendant Posey portrayed The Plaintiff as incompetent and incapable by cancelling his benefit car show.

81. Defendant Posey portrayed The Plaintiff in a false and negative light to the public raising many questions and not allowing The Plaintiff to respond to members of the community as to why his annual benefit event was cancelled.

82. Defendant Oskroba portrayed The Plaintiff in a false light in front of his students when she went into a tirade about his teaching abilities during an active class.

83. As a direct and proximate result of the said unlawful employment practices and in disregard of Gregory Ditch's rights and sensibilities, Mr. Ditch has suffered humiliation, degradation, emotional distress, and other consequential damages. The Defendants have collectively injured the Plaintiff's reputation and permanently impacted his future employability by tampering and interfering with an investigation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ditch prays that this Court:

84. Enter judgment in favor of Mr. Ditch and against the Defendant for violation of Mr. Ditch's Rights under NLRB Section 7, Title VII, and 42 USC 1983.

85. Declare that the actions of the Defendant constituted unlawful retaliation, and harassment.

86. Award Mr. Ditch compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress;

87. Award Mr. Ditch punitive damages in such amount as the Court deems proper;

88. Award Mr. Ditch his costs, attorneys' fees, and non-taxable expenses in this action; and

89. Grant Mr. Ditch such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff Gregory Ditch hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,


/s/Gregory Ditch

Pro Se

522 Colchester Dr.
Oswego, IL 60543
Texasracer21@yahoo.com
281-221-0996